UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MELLANIE S. SMITH,                    )
                                      ) No. CV-08-366-JPH
            Plaintiff,                )
                                      ) ORDER GRANTING DEFENDANT'S
v.                                    ) MOTION FOR SUMMARY JUDGMENT
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security,                   )
                                      )
            Defendant.                )
                                      )
_____)

     BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on August 21, 2009. (Ct. Rec.
16, 24).  Attorney Paul L. Clark represents Plaintiff; Special
Assistant United States Attorney Terrye E. Shea represents the
Commissioner of Social Security ("Commissioner").  The parties
have consented to proceed before a magistrate judge. (Ct. Rec.
23.)  On August 19, 2009, Plaintiff filed a reply.  (Ct. Rec. 26.)
After reviewing the administrative record and the briefs filed by
the parties, the court **GRANTS** Defendant's Motion for Summary
Judgment (Ct. Rec. 24) and **DENIES** Plaintiff's Motion for Summary
Judgment (Ct. Rec. 16.)

                            **JURISDICTION**

     Plaintiff filed an application for supplemental security
income (SSI) on February 28, 2005, alleging onset as of January 2,

2005. (Tr. 59, referring to the application; unable to locate
application in file.)  The application was denied initially and on
reconsideration. (Tr. 42-3, 45-48.)   Administrative Law Judge
(ALJ) Hayward C. Green Reed held a hearing on August 27, 2007.
(Tr. 626-677.)  Plaintiff, represented by counsel, medical expert
Reynolds K. Hoover, M.D., and vocational expert Polly A. Peterson,
Ph.D., testified.  On October 22, 2007, the ALJ issued a decision
finding plaintiff is disabled when substance abuse is included.
(Tr. 19-38.)  The ALJ found DAA is a factor materially
contributing to plaintiff's disability determination.  (Tr. 37.)
The ALJ found that when DAA is excluded, plaintiff is not
disabled. (Id.) Accordingly, the ALJ found plaintiff not disabled.
(Tr. 37-38.) The Appeals Council denied a request for review on
September 25, 2008.  (Tr. 6-8.)  Therefore, the ALJ's decision
became the final decision of the Commissioner, which is appealable
to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff
filed this action for judicial review pursuant to 42 U.S.C. §
405(g) on November  25, 2008. (Ct. Rec. 1.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing
transcript, the ALJ's decision, referred to as necessary in the
briefs of both plaintiff and the Commissioner, and will only be
summarized here.

Plaintiff was 45 years old at the time of filing and 46 on
the date of the ALJ's decision.  She has a high school education
and completed two years of college.  (Tr. 84.)  Since 1993
plaintiff worked as a receptionist, office assistant, and in fast
food.  (Tr. 79, 94, 139.)  She alleges disability as of January 2,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 2 -

2005, due to hypofibrinoginemia, long term memory loss from a head injury, hepatitis C, asthma, posttraumatic stress disorder (PTSD) and depression. (Tr. 78-79.) Plaintiff testified she continues to drink "now and then." (Tr. 631.) The record shows DAA is at issue because, before onset, plaintiff used alcohol, methamphetamine and marijuana (Tr. 142, 176, 220). After onset, she used alcohol and marijuana, and at times failed to take prescription medication as prescribed (Tr. 200, 208, 214, 368, 405, 417, 419, 430, 487, 521, 527, 531, 538, 540 - alcohol and marijuana)(Tr. 191-192, 196, 214, 226, 293, 558, 578 - overuse of prescribed medications).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 3 -

20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person
is engaged in substantial gainful activities.  If so, benefits are
denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If
not, the decision maker proceeds to step two, which determines
whether plaintiff has a medically severe impairment or combination
of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied.  If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity.  20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1.  If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past.  If a plaintiff
is able to perform previous work, that Plaintiff is deemed not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
At this step, plaintiff's residual functional capacity ("RFC")
assessment is considered.  If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C)and 1382a(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to

1  determine if the claimant would be disabled if he or she stopped

2  using alcohol or drugs.

3                    **STANDARD OF REVIEW**

4       Congress has provided a limited scope of judicial review of a

5  Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold

6  the Commissioner's decision, made through an ALJ, when the

7  determination is not based on legal error and is supported by

8  substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995

9  (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.

10 1999).  "The [Commissioner's] determination that a plaintiff is

11 not disabled will be upheld if the findings of fact are supported

12 by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572

13 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence

14 is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

15 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.

16 *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

17 *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

18 573, 576 (9th Cir. 1988).  Substantial evidence "means such

19 evidence as a reasonable mind might accept as adequate to support

20 a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

21 (citations omitted).  "[S]uch inferences and conclusions as the

22 [Commissioner] may reasonably draw from the evidence" will also be

23 upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

24 On review, the Court considers the record as a whole, not just the

25 evidence supporting the decision of the Commissioner.  *Weetman v.*

26 *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v.*

27 *Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

28      It is the role of the trier of fact, not this Court, to

resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since the application date of January 2, 2005. (Tr. 22.)  At step two, ALJ Reed found plaintiff suffers from hepatitis C, substance abuse disorder, organic mental disorder, depression and posttraumatic stress disorder (PTSD) by history. (Tr. 22.) At step three, the ALJ found plaintiff's impairments in combination met two of the Listed impairments, organic mental disorder (12.02) and substance abuse disorder (12.09C). (Tr. 31-32.)  Because the ALJ found plaintiff's impairments met the Listings, he found her incapable of work at step three, and therefore disabled.  The ALJ then considered, pursuant to 20 C.F.R. §§ 404.1525 and 416.935 and *Parra v.*

*Astrue*[1], if plaintiff would be disabled if she stopped abusing substances.  (Tr. 21, 32-37.)

When substance abuse is excluded, the ALJ found plaintiff's impairments did not meet or medically equal a Listed impairment. (Tr. 33.)  When DAA is excluded, the ALJ found plaintiff is able to do light work with limitations.   (Tr. 33.)  At step four the ALJ relied on the VE's testimony and found if plaintiff stopped abusing substances, she could perform past work, such as working in fast food or as an office assistant. (Tr. 37.)  The ALJ found DAA was a contributing factor material to the disability determination. Accordingly, the ALJ found that plaintiff is barred from receiving benefits and therefore not disabled as defined by the Social Security Act. (Tr. 37-38.)

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law when (1) the ALJ failed to explain the evidence relied on when determining plaintiff's RFC; (2) the ALJ relied on an unprepared and unqualified medical expert, and (3) the Appeals Council failed to properly weight new evidence.  (Ct. Rec. 17 at 2.) The Commissioner responds that the ALJ appropriately weighed the evidence, the medical expert was both prepared and qualified to testify, and the Appeals Council properly weighed the new evidence.  The Commissioner asks the Court to affirm the decision. (Ct. Rec. 25 at 8, 14, 16-20.)

///

---

[1]*Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1068 (2008).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 8 -

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989).  However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted).  More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 9 -

specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

I. *RFC determination*

Plaintiff contends a state psychologist's RFC dated September 2, 2005, and relied on by the ALJ, is internally inconsistent and contains "vague and undefined terms." (Ct. Rec. 17 at 2,5-9, referring to Exhibit 3 at Tr. 147-163.)  In the Commissioner's view, it can be inferred the VE knew what the terms meant because she did not seek clarification. Further, the ALJ based the RFC on more than agency psychologists' opinions, including the opinions of treating, examining, and testifying doctors (Richard Entman,, M.D., Mark Eggelston, M.D., Gerardo Midence, M.D., Barbara Morgan, M.D., Philip Delich, M.D., Vicki Short, M.D., Mark Keane, M.D., ER providers and Reynolds Hoover, M.D. (Ct. Rec. 25 at 10.)  The ALJ also properly relied on plaintiff's assessed credibility when he weighed the conflicting medical evidence.

The "internally inconsistent" agency report plaintiff refers to (Exhibit 3) is dated five months after onset, June 9, 2005. (Tr. 147-163.)  Plaintiff notes James Bailey, Ph.D., does not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 10 -

indicate plaintiff suffers from a substance addiction disorder. (Tr. 147.) Instead, Dr. Bailey opines plaintiff suffers from affective disorders (12.04) and anxiety-related disorders (12.06). (Id.) He assessed several mental limitations in the narrative section of the form:

"She is able to do simpler, multi-step tasks. She can concentrate on well learned tasks. She could work around other people but not with high levels of cooperation. She could have superficial public or coworker contact. She is slower to respond to change."
(Tr. 163.) This is the mental RFC adopted by the ALJ. (Tr. 33.)

Plaintiff apparently quarrels with the ALJ's statement: "Review of the record shows moderate difficulties even absent substance abuse (Exhibit 3), and there is no evidence of decompensation, either with or without substance abuse." (Ct. Rec. 17 at 5-6, referring to Tr. 32.) Plaintiff argues one hypothetical based on the MRFC "leads to a conclusion the claimant is disabled despite substance abuse; the other leads to the conclusion the claimant is not disabled, despite substance abuse." (Ct. Rec. 17 at 6.)

Plaintiff fails to note that the record as a whole fully support the RFC. An isolated agency opinion five months after onset does not merit remand. Plaintiff's interpretation of the contradictions in Dr. Bailey's report does not entitle her to remand or benefits. If she is disabled despite (i.e., with) DAA included, as the ALJ found, she is barred from receiving benefits; if the other portion of Dr. Bailey's report is credited, plaintiff is not disabled when DAA is included. This  interpretation is

contrary to most if not all of the record.

With respect to vague terms in the RFC, plaintiff refers to "well learned tasks," "high levels of cooperation," "superficial public or coworker contact," and "slower to respond to change." The court agrees with: (1) defendant's inference that the terms are sufficiently clear, because the VE did not seek clarification, as they commonly do when a hypothetical is unclear; (2) the ordinary meaning of the terms is sufficiently clear; (3) the terms are commonly used in hypothetical questions to the VE. For these reasons, plaintiff's arguments with respect to the RFC fail.

The RFC determined by the ALJ is fully supported by the evidence, including many of the treating and examining health care providers and by the medical expert's testimony, as noted by the Commissioner. (Ct. Rec. 25 at 10.) The ALJ's assessment of the medical opinion and other evidence is supported by the record and without legal error.  Accordingly, the RFC and questions to the VE are sufficient.  *See Osenbrock v. Apfel*, 240 F. 3d 1157, 1165 (9th Cir. 2001).

The RFC is also supported by the ALJ's unchallenged assessment of plaintiff's credibility, as set out below. Because the RFC and questions to the VE are based on the limitations found supported by credible evidence, both determinations are without error.

II. *Plaintiff's credibility*

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible.  (Tr. 35.)  Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 12 -

conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed plaintiff's credibility: (1) many complaints are unsupported by the medical record; (2) inconsistent statements; (3) drug-seeking behavior; and (4) activities inconsistent with the degree of impairment alleged. (Tr. 35-36.)

Complaints unsupported by the record

The ALJ notes MRI and EMG test results have not shown any nerve damage or nerve compression to support claims of falling; treating physician Morgan opined plaintiff did not have any radiculopathy or myopathy, and did not have a good explanation for

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                            - 13 -

complaints of hyperreflexia or the sensation of weakness in the legs; an MRI of the knee showed only a small popliteal cyst; MRI results at multiple levels of the spine show only mild to moderate degenerative changes "best managed conservatively", and two neurologists tested plaintiff and failed to find a cause for her claims. (Tr. 35, referring to Tr. 253-256, 314, 316, 395.) This reason is clear, convincing, and fully supported by the evidence.

Inconsistent statements

The ALJ notes the inconsistencies in plaintiff's descriptions of substance use. (Tr. 35-36, referring to Tr. 208, 430.) Plaintiff testified she used marijuana to ease nausea while undergoing interferon treatment, smoked it twice a week in 2004, and stopped a few months before the hearing. The record shows she tested positive for cannabis on July 20, 2006, when plaintiff was taken to the ER after passing out due to intoxication. According to treating doctor Short's record three weeks before the hearing, plaintiff "uses marijuana." (Tr. 578.) This reason is clear, convincing and amply supported by the record.

Drug seeking behavior

The ALJ observes that two months after onset, treating physician Lloyd Perino, M.D., reported plaintiff had not been entirely honest about her narcotic use. Later his office received an anonymous call indicating plaintiff was selling prescription drugs on the street. Dr. Perino eventually concluded plaintiff was only interested in narcotics and terminated the relationship. Dr. Emtman stated that both he and Dr. Perino were convinced plaintiff was drug hunting. (Tr. 36, referring to Tr. 191-192, 293, 295.) This reason is clear, convincing and supported by the

record.

### Activities inconsistent with claimed impairments

The ALJ notes plaintiff told Dr. Midence in 2006 she was managing the townhouse complex where she lived (Tr. 201), despite her testimony of almost total incapacitation. (Tr. 35, referring to Tr. 660-668.)

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Drug seeking behavior diminishes credibility. See *Edlund v. Massanari*, 253 F.3d 1152, 1157-1158 99th Cir. 2001).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's unchallenged credibility assessment is supported by clear and convincing reasons.

III. *Medical Expert*

Plaintiff alleges the ME was ill-prepared and unqualified to offer an opinion on plaintiff's mental condition. (Ct. Rec. 17 at

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 15 -

14-16.) The Commissioner responds that, as the ALJ noted, the evidence as whole fully supports Dr. Hoover's conclusions. (Ct. Rec. 25 at 18-20, referring to Tr. 19, 29-32.)

Assuming plaintiff did not waive this argument by agreeing to Dr. Hoover's qualifications at the hearing (Tr. 630), any licensed physician is qualified to offer evidence of mental conditions, as the Commissioner correctly observes. (Ct. Rec. 25 at 18, citing *Crane v. Shalala*, 76 F.3d 251, 253-254 (9th Cir. 1996.) Dr. Hoover stated he based his opinion on forty years of medical practice. (Tr. 634.)

Plaintiff argues Dr. Hoover did not understand plaintiff's PTSD diagnosis. (Ct. Rec. 17 at 14-16.) Treating psychologist Lee Hendrickson, Ph.D., noted plaintiff did not endorse all of the PTSD markers, leading him to question the diagnosis, and he (Dr. Hendrickson) remained skeptical of plaintiff's credibility, as the Commissioner notes. (Ct. Rec. 25 at 18-19.) At step two, the ALJ included PTSD as a serious impairment *by history*, because evidence of the diagnosis conflicted. The ALJ's treatment of the VE's testimony is without error. Plaintiff fails to establish Dr. Hoover's qualifications are suspect.

With respect to the ME's preparation, plaintiff correctly notes Dr. Hoover stated he could not remember all of the record [nearly 600 pages at the time]. (Tr. 650.) In context, Dr. Hoover referred to his inability to pinpoint every occasion in the record referring to plaintiff's marijuana use, as the Commissioner correctly notes. (Ct. Rec. 25 at 19.) Dr. Hoover testified substance abuse "had been consistent throughout the record." (Tr. 634-637.) He is correct. The record is replete with plaintiff's

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 16 -

use of alcohol, marijuana, and overuse of prescription medication. Pre-onset: *see* Tr. 145, 219-221. Post onset: *see* Tr. 191, 196, 200, 208, 214, 226, 230, 293, 295, 310, 368, 405, 417, 419-420, 430, 487, 513, 521, 527, 530-531, 538-540, 558, 574 and 578.

The ME was both qualified and prepared.

IV. *New evidence received by the Appeals Council*

Plaintiff alleges the Appeals Council failed to properly credit treating physician Vicki Short, M.D.'s November 1, 2007, opinion that plaintiff is unable to sustain full time employment. (Ct. Rec. 17 at 10-13, referring to Tr. 614-617.)  She cites SSR 96-2p as requiring a treating physician's opinion to be given controlling weight if it is "not inconsistent" with other substantial evidence and is well supported by medically acceptable clinical and laboratory diagnostic techniques.  (Ct. Rec. 17 at 12, citing 20 C.F.R. § 404.152(d)(2).  Unfortunately for plaintiff, Dr. Short's opinion nearly three years after onset is contradicted by most of the other medical evidence.

New evidence is considered material if it creates a reasonable possibility of changing the outcome and if it bears directly and substantially on the matter, as the Commissioner observes.  (Ct. Rec. 25 at 15, citing *Mayes v. Massansri*, 276 F.3d 453, 462 (9th Cir. 2001)(additional citations omitted).  The court may remand for further proceedings to consider the new evidence if the claimant shows good cause for failing to produce the evidence earlier. *Mayes*, 276 F.3d at 462.  Plaintiff's reply argues different interpretations of these cases, but her arguments are not persuasive as the holdings have been clear for years.

Dr. Short began treating plaintiff on April 13, 2007. (Tr.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 17 -

307.)  The ALJ issued his adverse decision on October 22, 2007.
As indicated, Dr. Short's opinion is dated November 1, 2007.
Plaintiff fails to show good cause why the opinion could not have
been obtained and presented to the ALJ for his consideration.  The
Appeals Council did not err.

Alternatively, the Appeals Council could properly discount
Dr. Short's opinion because it appears to be based on plaintiff's
unreliable self-reporting. (Tr. 307-313.)  *See Tonapetyan v.
Halter*, 242 F.3d 1144, 1149 99th Cir. 2001).  The Appeals Council
did not err in its treatment of Dr. Short's post-hearing opinion.

Plaintiff argues the Certification for Medicaid, dated
November 17, 2007, should have been credited by the Appeals
Council.  (Ct. Rec. 17 at 10-14.)  The state of Washington found
plaintiff is unable to work when DAA is excluded, a finding she
argues the Appeals Council should have credited.  (Ct. Rec. 17 at
14.)

Under statutes applicable in the context of social security
benefits, unlike state claims, DAA cannot be excluded when it is
found material to the disability determination.  The ALJ found DAA
material to his determination, a legally and factually correct
finding. The Appeals Council did not err in denying review based
on this post-hearing evidence.

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this
court finds that the ALJ's decision is free of legal error and
supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 24)** is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 18 -

**GRANTED.**

    2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is **DENIED.**

    The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

    DATED this 23rd day of September, 2009.

                                   s/ James P. Hutton

                              JAMES P. HUTTON
                         UNITED STATES MAGISTRATE JUDGE